**Affirmed and Memorandum Opinion filed October 18, 2018.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔒𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-17-00409-CR

**ARNESIA WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1509295**

## M E M O R A N D U M   O P I N I O N

In this one-issue case appellant Arnesia Washington claims her trial counsel rendered ineffective assistance by failing to object to victim-character and victim-impact evidence. Asserting the evidence was unfairly prejudicial and resulted in the trial court imposing an overly lengthy prison sentence, appellant urges this court to reverse the trial court's judgment and remand for a new sentencing hearing. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While driving on a Houston freeway, appellant struck another vehicle. She failed to stop after the collision. The other motorist called 911 and then, believing appellant to be drunk or in distress, began to follow appellant's vehicle. According to the motorist, appellant was driving erratically and weaving back and forth across lanes of traffic. Appellant struck a second vehicle, forced a third vehicle into an emergency lane, and then swerved and struck a concrete barrier. Shortly thereafter, appellant accelerated into the back of a motorcycle operated by the complainant, Steven Rudoff. The impact launched Rudolph from the motorcycle, hurling him to an instant death.

After the motorcycle collision appellant moved her vehicle onto the right shoulder of the highway to await emergency responders. When police arrived, they learned that appellant's two young children were passengers in her vehicle during the deadly episode. The officers saw that the children's car seats were both facing forward, without being strapped or secured to the car. In the course of their investigation, the officers also discovered a white pill, later identified as acetaminophen and hydrocodone bitartrate, in appellant's back pocket and a pill bottle containing 28 Paroxetine pills in appellant's front-seat console. The officers detained appellant and took her to the Houston Police Department "central intox" facility, where another officer administered standardized field-sobriety tests and conducted a drug evaluation. After concluding that appellant was intoxicated and under the influence of a central nervous system depressant, and unable to operate a motor vehicle safely, the officers arrested appellant for the offense of felony murder, with the underlying offense of driving while intoxicated with a child passenger.

2

Appellant was charged with felony murder in an indictment alleging that she intentionally and knowingly committed the felony offense of driving while intoxicated with a child passenger,[1] and that while in the course of and in furtherance of the commission of this offense, appellant committed an act clearly dangerous to human life and thereby caused the death of Steven Rudoff.[2] The indictment also alleged that appellant used or exhibited a deadly weapon—a motor vehicle—while committing the offense and during immediate flight from the offense.

Appellant entered an open plea of guilty to the offense, as charged, without an agreement with the State as to a punishment recommendation. The trial court accepted appellant's "guilty" plea and called for a presentence investigation.

At the punishment hearing, the State presented the testimony of eight of the complainant's friends and family members to describe the complainant's character and the impact of his death on their lives. Attached to the presentence investigation report were many letters from the complainant's friends and family. The trial court read the presentence investigation report, although the report was not admitted into evidence. The State also submitted photographs of the complainant with loved ones that the trial court admitted into evidence. The evidence included emotional accounts of the complainant's contributions to the lives of others, his good deeds and acts of kindness and generosity, his service to his community and synagogue, his devotion to his faith, family, and friends, and his positive life experiences. Appellant's counsel voiced no objection to this evidence.

Appellant presented four witnesses who gave testimony about appellant's rough childhood, family struggles, traumatic events, health challenges, and other

[1] *See* Tex. Penal Code Ann. § 49.045 (West, Westlaw through 2017 1st C.S.).

[2] *See* Tex. Penal Code Ann. § 19.02(b)(3) (West, Westlaw through 2017 1st C.S.).

difficult life experiences. Notes and letters from appellant's friends and family members in support of appellant were also included in the presentence investigation report.

At the conclusion of the punishment hearing, the trial court imposed a fifty-year sentence. Appellant filed no motion for new trial.

## II. ISSUE PRESENTED

Appellant asserts her counsel rendered ineffective assistance when he failed to object to the victim-impact and victim-character evidence. Appellant contends admission of the evidence violated Texas Rule of Evidence 403 and appellant's rights to due process of law.

## III. ANALYSIS

Both the United States Constitution and the Texas Constitution guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see also* Tex. Code Crim. Proc. Ann. art. 1.051 (West, Westlaw through 2017 1st C.S.). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prevail on her ineffective-assistance-of-counsel claim, appellant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694, 104 S.Ct. 2052; *see Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial

4

strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To defeat this presumption, any allegation of ineffectiveness must be firmly grounded in the record so that the record affirmatively shows the alleged ineffectiveness. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017).

Trial counsel generally should be given an opportunity to explain counsel's actions before being found ineffective. *Id.* In most cases, direct appeal is an inadequate vehicle for raising an ineffective-assistance claim because the record generally is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. In the face of a silent record, we cannot know trial counsel's strategy, so we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

A sound trial strategy may be executed imperfectly, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Though counsel's conscious decision not to object to evidence is not insulated from review, unless a defendant overcomes the presumption that counsel's actions were based in sound trial strategy, counsel generally will not be found ineffective. *Ex parte Flores*, 387 S.W.3d 626, 633 (Tex. Crim. App. 2012).

Appellant asserts the victim-impact and victim-character evidence presented to the trial court surpassed permissible bounds and became overly prejudicial. She

complains that the large volume of testimony and letters overshadowed the defense presentation and that by failing to object to this evidence, her counsel rendered ineffective assistance. According to appellant, without such a voluminous and detailed presentation on the complainant's life, the trial court would not have sentenced a thirty-two year old, first offender to fifty years in prison.

Appellant's counsel did not object to the victim-impact and victim-character evidence on any grounds. The record does not reveal counsel's reasons for not objecting. Decisions relating to objecting to evidence implicate strategy. *Prine*, 537 S.W.3d at 118. The decision not to object to a piece of evidence is the type of strategic decision that requires courts to evaluate an attorney's explanation before finding counsel ineffective. *Id.*

A motion for new trial would have provided the trial court with an opportunity to hold a hearing on counsel's performance and develop a record for appeal. But, appellant did not move for a new trial, and her defense counsel did not file an affidavit. Consequently, the record is completely silent as to counsel's strategy on this point. *See DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Because our record does not contain counsel's reasons for failing to object to the proffered evidence, to hold counsel ineffective would require this court to speculate regarding counsel's reasons. *See Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("When the record is silent as to counsel's reasons for his conduct, finding counsel ineffective would call for speculation by the appellate court."). We will not speculate.

In the face of a silent record, we cannot determine that counsel provided ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392.

We cannot conclude that no competent attorney would have acted as appellant's counsel did, because there may have been strategic reasons for counsel's decisions. For example, defense counsel may have determined as a matter of strategy that the potential of drawing further attention to the testimony of a sympathetic witness or being viewed as insensitive to the complainant's widow and other family members outweighed the likelihood of success, and any potential benefits that might have been gained from voicing objections. *See Webb v. State*, 995 S.W.2d 295, 301 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Duren v. State*, 87 S.W.3d 719, 734 (Tex. App.—Texarkana 2002, pet. struck). Thus, because the record does not compel a conclusion that defense counsel was ineffective, appellant has failed to rebut the presumption of effective representation. *See Perez v. State*, 56 S.W.3d 727, 731–32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

In sum, our record does not affirmatively demonstrate counsel's ineffectiveness. *See Thompson*, 9 S.W.3d at 814 (declining to find that representation was ineffective where record did not explain counsel's failure to object). The record does not show that counsel's failure to object to the victim-character and victim-impact evidence was so outrageous that no competent attorney would have failed to object to it. Without a more fully developed record, we cannot conclude trial counsel rendered ineffective assistance. Therefore, we overrule appellant's sole issue.

## IV. CONCLUSION

Having found that appellant has failed to make the requisite showing for appellate relief on the only issue presented, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
          Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.
Do Not Publish — TEX. R. APP. P. 47.2(b).